## Case No. 11,572.

RANSOM et al. v. NEW YORK.

[4 Blatchf. 157.] [1]

Circuit Court, S. D. New York. April 19. 1858.

PRACTICE AT LAW—CONDITIONS IMPOSED—WAIVER —JUDGMENT VACATED ON PAYMENT OF COSTS—DEMAND.

1. A condition made for the benefit of a party may not only be satisfied by a strict compliance with it. but it may be released, and it may also be waived, without any express release; and, when it is either released or waived, the party for whose benefit it was made, cannot, in a court of justice, be permitted to complain that it has not been strictly complied with.

2. A waiver may be either express or implied. An implied waiver, growing out of the circumstances of the case and the conduct of the parties and their attorneys, may be as effectual as an express waiver.

3. It would be a sound rule to adopt, to govern the practice, where costs are to be paid, on the amendment of a declaration or other pleading. or on the making of any order of court, and no time is limited for their payment. that. unless the attorney to whom the costs are to be paid requests the attorney of the opposite party to pay them, or gives him some intimation to pay them. the payment, according to the strict terms of the order, is waived.

4. In this case. an order having been made vacating a judgment on payment by the defendant of the costs to that time, but no request having been made for such payment, and proceedings having afterwards taken place in the cause, which presupposed that the judgment was vacated. *held*, that the plaintiff had impliedly waived the condition as to the payment of costs, and that the judgment was no longer a valid judgment.

This was an action for the infringement of letters patent [No. 1.980, granted to plaintiffs February 13, 1841]. At the trial. before HALL. District Judge, December 24th, 1856, the plaintiffs [Franklin Ransom and Uzziah Wenman] obtained a verdict for $20,000 damages. [Case No. 11,573.] In the course of the trial. various exceptions were taken by the defendants to rulings of the court, and exceptions were also taken to the charge of the court to the jury. A time was limited for the making and settling of a case by the defendants. on which to move for a new trial. A case was made, but was not settled within the time limited. but the laches as to time was by the plaintiffs. On the 12th of December, 1857. the plaintiffs entered up a judgment for the amount of the verdict, and for the costs. On the 19th of December, 1857, the defendants moved the court to vacate that judgment. and an order was then made, by consent of the parties, vacating the judgment, on payment by the defendants of the costs to that time, and allowing the defendants to procure the case to be settled, with leave to convert it into a bill of exceptions, on condition that the argument of the

[1] [Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission.]

motion for a new trial on the case be heard during the then present term of the court, and the 9th of January, 1858, was appointed for such argument. The case was soon afterwards settled by Judge HALL, and the motion for a new trial was argued before Judge INGERSOLL. A new trial was denied by the court, but leave was given to turn the case, as made, into a bill of exceptions, so as to present to the supreme court. on a writ of error, the points raised by the defendants at the trial, and ruled against them. In the latter part of March. 1858, Judge HALL signed and sealed the bill of exceptions, and it was filed, and, within two days thereafter, the plaintiffs issued an execution on the judgment of December 12th, 1857. The defendants now moved that all proceedings on that judgment be stayed, and that the plaintiffs be compelled to enter up a new judgment and file a new judgment record, on the ground that the former judgment had been vacated, and was not, when the execution was issued, a valid judgment. It appeared that the condition as to the payment of costs by the defendants, contained in the order of December 19th, 1857, was not complied with.

Samuel Blatchford, for plaintiffs.

James T. Brady, for defendants.

INGERSOLL, District Judge. Upon refusing to grant the motion for a new trial in this case, I did not consider that all the points of law presented by the record were in favor of the plaintiffs. Indeed, I considered that some of them were in favor of the defendants. But I thought it best, for various reasons (conceiving that the case could be carried to the supreme court, without prejudice to the rights of either party), to have the case made turned into a bill of exceptions, so that the points of law contested might be presented to the supreme court by a writ of error, and be finally settled by that court. Had any intimation been given that that course could not be taken, except to the prejudice of the rights of the defendants, I should have granted a new trial, as prayed for.

The question involved in the present motion is, whether the judgment that was entered on the 12th of December, 1857, is now a valid judgment, and whether the execution which issued on the same was regularly issued? If that judgment is now a valid judgment, and if the execution which has been taken out on the same was regularly issued, then any writ of error which the defendants may now sue out, would not operate as a supersedeas. The money mentioned in the execution could be collected, before the questions arising on the bill of exceptions could be heard and determined by the supreme court. On the hearing of this motion, it has been stated and not denied, that the plaintiffs are insolvent. This being so, the defendants would have no object in prosecuting a writ of error, for, on account of the in-

solvency of the plaintiffs, the money paid on the execution could not be recovered back, if the judgment should be reversed by the supreme court. If it is now a valid judgment, then the intent of the court, in ordering the case made to be turned into a bill of exceptions, so that the questions of law presented, might, without prejudice to either party, be determined by the supreme court, has been frustrated.

The plaintiffs claim, that the payment of the costs by the defendants up to the 19th of December, 1857, was a condition to the vacating of the judgment; and that, as the costs were not paid during the term of the court, the condition upon which the judgment was to be vacated, has not been complied with, and that, therefore, the judgment was revived without any further order of the court.

In disposing of the motion, I shall assume that the judgment was to be vacated only upon the payment of the costs up to the time the order was made, and that the payment of the costs was a condition, upon a compliance with which the judgment was to be vacated. This condition was for the benefit of the plaintiffs. It was for the benefit of no one else. No one but the plaintiffs could derive any advantage from it. They admit, that, if it had been strictly complied with, the judgment would thereupon have become vacated, as effectually vacated as if it had been vacated without condition. But they claim that the judgment could not be absolutely vacated, except upon a strict compliance with such condition. A condition made for the benefit of a party, may not only be satisfied by a strict compliance with it, but it may be released, and it may also be waived without any express release. When it is either released or waived, the party for whose benefit it was made, cannot, in a court of justice, be permitted to complain that it has not been strictly complied with. If, on the 19th of December, 1857, the day when the vacating order was made, the plaintiffs had, by a sealed instrument, released the defendants from the payment of the costs, it would not be claimed that the judgment in question remained in full force and valid as a judgment. In such a case, there would have been no payment of the costs, no strict compliance with the condition. But there would have been, by the release, a waiver of the condition; and, after such a waiver, the plaintiffs would not be permitted to say that the condition had not been strictly complied with. If the order had been, that the costs should be paid within two days, and if, on the third day, the defendants had tendered the costs, and the same had been accepted by the plaintiffs, there would have been no strict compliance with the condition, but there would have been a waiver of such strict compliance, and, after such waiver, the want of a strict compliance could not be urged in a court of justice. If, upon such order being made, the defendants had, by their agent, called upon the plaintiffs, and told them that they were ready to pay the costs, and offered to pay them, (although they made no actual tender,) and had been told by the plaintiffs that it was of no consequence, and that they would let the costs abide the event of the suit, there would have been no strict compliance with the condition; but there would have been a waiver of such strict compliance, and such a waiver as would prevent the plaintiffs from urging that the condition had not been complied with. Numberless other cases might be stated to show that a party may waive the benefit of a condition in his favor, and that, after such waiver, he cannot urge that the condition made in his favor has not been complied with. The question is, whether the plaintiffs in this case have waived a strict compliance with the condition made for their benefit in the order of the 19th of December, 1857.

A waiver may be either express or implied. An implied waiver, growing out of the circumstances of the case, and the conduct of the parties and their attorneys in the cause, may be as effectual as an express waiver; and the facts in this case satisfy me that there has been an implied waiver of payment according to the strict condition of the order, as claimed by the plaintiffs. The matter of costs, when the same are ordered to be paid, either upon an amendment of a declaration or other pleading, or upon any other order of court, is usually arranged by the attorneys of the respective parties. The costs belong to the attorney. They are not always required to be paid, when ordered. There is a liberality of practice on this subject by attorneys, in their intercourse with each other. And, when they are required, it is usual for the attorney or party who is to receive them, to hand a memorandum of the amount to the attorney of the opposite party, and request that payment be made. In this case, it was reasonable to expect that this course would be adopted. For, although the costs were taxed up to the time of the judgment, they were never taxed up to the time the order was made, to which latter time they were to be paid. Considering the liberality of practice on this subject, it would be a sound rule to adopt, to govern the practice in cases of this kind, where costs are to be paid, either upon the amendment of a declaration or other pleading, or upon the making of any other order of court, and no time is fixed or limited for their payment, that, unless the attorney to whom the costs are to be paid requests the attorney of the opposite party to pay them, or gives him some intimation to pay them, the payment according to the strict terms of the order is waived.

No request was ever made of the defendants, or of their attorney, for the payment of the costs. The object of the motion, upon

which the order of the 19th of December, 1857, was founded, was twofold—to have the judgment of the 12th of December, 1857, vacated, and to procure the case to be settled, with a view to have the verdict set aside, and a new trial granted, with leave, if that was not granted, to have the case, as made, turned into a bill of exceptions, so that the defendants could carry the case, after the bill of exceptions was allowed, to the supreme court, without being obliged to pay the amount recovered, unless the supreme court should rule against them. The fair construction of the order is, that the vacating of the judgment was to precede the settlement of the case; that the judgment was first to be vacated; and that then the case was to be settled for the purposes stated in the order. With this construction, the settlement of the case presupposes that the judgment was vacated.

No intimation was ever given to the court, during the progress of the motion for a new trial, or at any other time, that the costs had not been paid. The court, in refusing to grant the motion for a new trial, and in permitting the case made to be turned into a bill of exceptions, acted upon the understanding, that the judgment of the 12th of December, 1857, was in such a condition, that it was not available to the plaintiffs, as a valid judgment.

In viewing all the facts and circumstances of the case, as presented, I feel bound to hold that there has been an implied waiver, on the part of the plaintiffs, of the condition in regard to the payment of costs, contained in the order of the 19th of December, 1857, and that, therefore, the judgment of the 12th of December, 1857, has been vacated, and is no longer a valid judgment. Consequently, the execution which issued on the same was irregularly issued. An order must, therefore, be entered, that all proceedings founded on said judgment be stayed, and that the plaintiffs be required to enter up a new judgment, and file a new judgment record, so that the case can, on such new judgment, be carried by the defendants, by writ of error, to the supreme court.

NOTE. A motion was afterwards made in the supreme court, by the plaintiffs, for a mandamus directing the circuit court to vacate the order setting aside the judgment, but the motion was denied. Ransom v. City of New York, 20 How. [61 U. S.] 581.